# CHARLESTON.

## STATE v. BRUCE.

Submitted March 1, 1904—Decided March 22, 1904.

1.  CASE OVERRULED.
    *State* v. *Meyers*, 42 W. Va. 822, overruled. (p. 388).

2.  ACTS INVALID.
    Chapter 8, Acts of 1891, Code 1899, page 1115, being in contravention of the Constitution and laws of the United States, is invalid. (pp. 387, 388).

Error to Circuit Court, Mercer County.

J. A. B. Bruce was indicted for selling Oleomargarine, and from conviction appealed to the circuit court for writ of error, and from a denial of the same he brings error.

*Reversed.*

A. W. REYNOLD, for plaintiff in error.

The ATTORNEY GENERAL, for the State.

McWHORTER, JUDGE: ·

Under chapter 8, Acts of 1891, of the Legislature, found at page 1115, of the Code 1899, J. A.. B. Bruce was indicted and convicted in the Criminal Court of Mercer county, and fined $20, for the violation of said statute as a vender of.oleomargarine, adulterated or artificial butter, and unlawfully exposing the same for sale without the same being then and there colored pink. The defendant demurred to the indictment which demurrer was overruled by the court. The defendant then entered a plea of not guilty. A jury was empaneled and the following statement of facts, "It is admitted by the parties in this case that the defendant, J. A. B. Bruce, is a retail dealer in oleomargarine at his place of business in the city of Bluefield, Mercer County, West Virginia, and as such retail dealer, sold to a customer, on or about the 10th day of February, 1902, at his said place of business in the said city of Bluefield, Mercer County, West Virginia, one package of oleomargarine, less in quantity than ten pounds, which was properly stamped in accordance with the laws of the United States, and the said sale was in all particulars strictly in accordance with the laws of the United States, the said defendant being then a duly licensed retail dealer in oleomargarine, by authority of and pursuant to the laws of the United States, at his said place of buisiness; that the said oleomargarine was part of a shipment of oleomargarine which had been purchased at wholesale strictly in accordance with and pursuant to the laws of the United States from the Capital City Dairy Company, at the city of Columbus in the State of Ohio, and was shipped to him from the place of business of the said Capital City Dairy Company in the State of Ohio to Bluefield, Mercer County, West Virginia, aforesaid, the said Capital City Dairy Company being a

duly licensed wholesale dealer in oleomargarine under and pursuant to the laws of the United States; that the said oleomargarine was a pure standard article of oleomargarine, such: as is recognized by the laws of the United States as a proper and lawful article of inter-State commerce and the same article of food by the name of 'oleomargarine' referred to in the laws of the United States in force at the time of the said sale by the defendant to his customer and at the time of his purchase thereof in the original package from the said Capital City Dairy Company, regulating the sales thereof, and the said oleomargarine was not colored pink," was by agreement introduced as evidence at the trial, subject to the instructions of the court to the jury thereon; with which statement of facts the State rested its case. The jury returned a verdict of guilty. The defendant moved to set aside the verdict of the jurry and grant him a new trial upon grounds set out in his bill of exceptions. Which motion was overruled by the court and judgment entered for a fine of $20.00. To which ruling of the court the defendant excepted. The defendant presented its petition accompanied by a copy of the record to the circuit court of Mercer county praying for a writ of error to the judgment of the criminal court, which writ was refused by said circuit court. He then obtained upon petition to this Court, from one of the judges thereof, a writ of error to the said judgment of the circuit court in refusing said writ and a writ of error and *supersedeas* to the judgment of the criminal court. Upon the trial of the case the defendant asked the court to give the folowing instruction to the jury: · "The court instructs the jury that chapter 8 of the Acts of the Legislature of West Virginia, 1891, adopted in the Code of West Virginia, 1899, is in conflict with the constitution and laws of the United States, and is therefore unconstitutional and void, and upon the evidence and facts proved in this case the jury shall find for defendant." Which the court refused to give and the attorney for the State asked the court to instruct the jury "That under the evidence in this case they should find the defendant guilty as charged in the indictment." Which instruction the court gave over the objection and exception of the said defendant. Among the grounds upon which the defendant moved the court to set aside the verdict and grant him a new trial as set out in the bill of exceptions taken by the defendant are the following:

. (1)    "Chapter 8 of the Acts of the Legislature of West Virginia, 1891, which was adopted into the Code of West Virginia, 1899, is unconstitutional and void. This statute is in contravention of section 8 of article 1 of the constitution of the United States, which provides that Congress shall have the power to regulate commerce with foreign nations, and among the several states, and with the Indian tribes,' in that it burdens and prohibits interstate commerce in an article of commerce which is recognized by the Acts of Congress and the laws of the United States as a proper subject or article of interstate commerce.

(2)    "That said statute is in contravention of that portion of article 6 of the constitution of the United States which declares that 'this constitution, and the laws of the United States which shall be made in pursuance thereof,    *    *    *    shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding,' in that it nullifies *pro tanto* a regulation of interstate cemmerce by Congress.

(3)    "Congress passed laws fully regulating the sale of oleomargerine at retail, which laws were in full force at the time of the sale made by the defendant in this case. The sale made by the defendant was authorized by the Acts of Congress so regulating such sales, and the defendant had fully complied therewith, and the sale was made strictly pursuant thereto, and said act of the Legislature of West Virginia, under which this indictment was made is in contravention of the laws of the United States in that it imposes an unreasonable burden, restriction and prohibition upon and against such sales, so authorized by the laws of the United States, the result of which is to restrict and prohibit interstate commerce in this recognized article of commerce."

Also the overruling of the demurrer to the indictment, and in refusing to give the instruction to the jury asked by the defendant, and giving the instruction asked by the State.

In *State* v. *Meyers,* 42 W. Va. 822, decided December 16, 1896, the act of 1891 under which this indictment was found was held to be "not unconstitutional." Since the decision in that case the United States Supreme Court, in case of *Collins* v. *New Hampshire* 171, U. S. 30, decided May 23, 1898, passed upon a statute of New Hampshire similar to our statute, the syllabus

of which decision is as follows: "Following the decision in *Schollenberger* v. *Pennsylvania, ante,* 1, the court holds that the statute of New Hampshire prohibiting the sale of oleomargarine as a substitute for butter, unless it is of a pink color, is invalid, as being, in necessary effect, prohibitory." The case of *Schollenberger* v. *Pennsylvania* referred to in said syllabus was decided by the Supreme Court on the same date and is reported in the same volume, immediately preceding the *Collins case.* These cases conclusively settle the question involved in the case at bar and it is deemed unnecessary to reiterate here, the reasons set forth in those cases for the decision. It follows that the court erred in overruling the demurrer to the indictment, and, further in giving the instruction asked by the State, and refusing to give the instruction asked for by the defendant as set out in the bill of exceptions. The decision in the case of *State* v. *Meyers,* 42 W. Va. is overruled. The judgment of the circuit court in refusing to grant a writ of error, and the judgment of the criminal court and the verdict of the jury, are set aside, and the indictment dismissed.

*Reversed.*